**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.:** 25-cv-4110-SKC

GALLIENNE NABILA, an individual
JAMILLETTE GAXIOLA, an individual
and YODIT YEMANE a/k/a JODIE JOE, an individual
Plaintiffs,

v.

MALA FAMA LLC d/b/a MALA FAMA SOCIAL CANTINA;
Defendant.

---

**DEFENDANT MALA FAMA LLC'S ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND**

---

Defendant, Mala Fama, LLC, d/b/a Mala Fama Social Cantina, by and through counsel Nick D. de Castro of the Bagley Law Firm, LLC, hereby submits their Answer to Plaintiff's Complaint.

## BACKGROUND

1. Paragraphs 1-3 of the complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## JURISDICTION & VENUE

2. Defendant incorporates paragraph 1 of its Answer as if fully set forth herein.
3. Defendant admits the allegations in paragraphs 4-9 of the complaint.

## PARTIES

4. Defendant incorporates paragraphs 1-3 of its Answer as if fully set forth herein.
5. Defendant admits the allegations contained in paragraphs 10-14 of the complaint.

## FACTUAL ALLEGATIONS

6. Defendant incorporates paragraphs 1-5 of its Answer as if fully set forth herein.

7. Defendant is without sufficient information to admit or deny the allegations in paragraphs 15-16 of the complaint and therefore denies the same.
8. Defendant denies the allegations contained in paragraphs 17-21 of the complaint.
9. Defendant is without sufficient information to admit or deny the allegations in paragraph 22 of the complaint and therefore denies the same.
10. Defendant denies the allegations in paragraphs 23-24 of the complaint.
11. Defendant is without sufficient information to admit or deny the allegations in paragraph 25 of the complaint and therefore denies the same.
12. Defendant denies the allegations in paragraphs 26-27 of the complaint.
13. Defendant is without sufficient information to admit or deny the allegations in paragraph 28 of the complaint and therefore denies the same.
14. Defendant denies the allegations in paragraphs 29-30 of the complaint.
15. Defendant admits the allegations in paragraph 31, but disputes the characterization of Defendant's business atmosphere as "sexually charged."
16. Defendant denies the allegations in paragraph 32 of the complaint.
17. Defendant admits the allegations in paragraphs 33-34 of the complaint.
18. Defendant denies the allegations in paragraphs 35-40 of the complaint.
19. Defendant is without sufficient information to admit or deny the allegations in paragraphs 41-43 of the complaint and therefore denies the same.
20. Defendant denies the allegations in paragraphs 44-50 of the complaint.

**FIRST CAUSE OF ACTION**

21. Defendant incorporates paragraphs 1-20 of its Answer as if set forth fully herein.
22. Paragraph 51 of the complaint does not assert factual allegations. Therefore, no response is required.
23. Paragraph 52 of the complaint states a legal conclusion to which no response is

required. To the extent a response is required, Defendant denies the allegations in paragraph 52.

24. Defendant denies the allegations in paragraphs 53-54 of the complaint.
25. Defendant is without sufficient information to admit or deny the allegations in paragraph 55 of the complaint and therefore denies the same.
26. Defendant denies the allegations in paragraph 56 of the complaint.
27. Paragraphs 57-59 of the complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraphs 57-59.
28. Defendant denies the allegations in paragraph 60 of the complaint.
29. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 61 of the complaint and therefore denies the same.
30. Paragraphs 62-64 of the complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraphs 62-64.

## SECOND CAUSE OF ACTION

31. Defendant incorporates paragraphs 1-30 of its Answer as if fully set forth herein.
32. Paragraph 65 of the complaint does not assert factual allegations. Therefore, no response is required.
33. Paragraph 66 of the complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 66.
34. Defendant denies the allegations in paragraphs 67-68 of the complaint.
35. Paragraphs 69-70 of the complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in

paragraphs 69-70.

36. Defendant is without sufficient information to admit or deny the allegations in paragraph 71 and therefore denies the same.

37. Paragraphs 72-80 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraphs 72-80.

**THIRD CAUSE OF ACTION**

38. Defendant incorporates paragraphs 1-37 of its Answer as if fully set forth herein.

39. Paragraph 81 of the complaint does not assert factual allegations. Therefore, no response is required.

40. Paragraphs 82-83 of the complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraphs 82-83.

41. Defendant denies the allegations in paragraph 84-86 of the complaint.

42. Paragraph 87 of the complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

43. Defendant denies the allegations in paragraphs 88-90 of the complaint.

44. Paragraphs 91-98 of the complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

**FOURTH CAUSE OF ACTION**

45. Defendant incorporates paragraphs 1-44 of its Answer as if fully set forth herein.

46. Paragraph 99 of the complaint does not assert factual allegations. Therefore, no response is required.

47. Paragraphs 100-107 of the complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraphs 100-107.

**AFFIRMATIVE DEFENSES**

The Rules of Civil Procedure require every defendant to plead potential Affirmative Defenses at the time the Answer is filed or risk a determination that the potential Affirmative Defenses are waived, even though no disclosures have been exchanged, and no right of discovery exists, at the time the Answer is filed. Therefore, the following affirmative defenses are necessarily plead only upon information and belief. Defendant reserves the right to seek leave to add, withdraw, and/or modify Affirmative Defenses once disclosures are exchanged, discovery is received, or other information is obtained. Defendant, through its counsel of record, affirmatively states the following:

1. Defendant denies each and every allegation not specifically admitted herein.
2. Plaintiffs' claims fail in whole or in part because they fail to state a claim against Defendant on which relief can be granted.
3. Plaintiffs' claims fail in whole or in part due to failure to join an indispensable party.
4. Plaintiffs' claims fail in whole or in part due to failure to mitigate their alleged damages.
5. Plaintiffs' claims fail in whole or in part due to their own comparative negligence.
6. Plaintiffs' claims fail in whole or in part due to the Doctrine of Laches.
7. Plaintiffs' claims fail in whole or in part due to their own assumption of risk.

**JURY DEMAND**

Defendant respectfully demands a trial by six persons on all issues.

**WHEREFORE**, Defendant respectfully requests this Court award judgment on all claims in favor of Defendant, that Plaintiffs' complaint be dismissed in its entirety, that Plaintiffs take nothing from their complaint, and that this Court award Defendant its costs, attorney fees, and any other relief this Court deems proper.

Respectfully submitted this 9th day of March, 2026

*s/ Nick C. de Castro*

Nick C. de Castro
The Bagley Law Firm, LLC
215 S. Wadsworth Blvd. Suite 410
Lakewood, CO. 80226
Telephone: (303) 684-9588
E-mail: nick.decastro@bagleylawfirm.com
*Attorneys for Defendant Mala Fama LLC*

CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2026, the foregoing **DEFENDANT MALA FAMA LLC'S ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND** was electronically filed with the Clerk of Court using the CM/ECF system which will serve a copy on the following:

Joseph N. Casas
The Casas Law Firm, P.C.
401 North Michigan Avenue, Suite 1200
Chicago, IL 60611
joseph@talentrights.law

John V. Golaszweski
The Casas Law Firm, P.C.
1325 Avenue of the Americas, 28th Floor
New York, NY 10019
john@talentrights.law
*Attorneys for Plaintiffs*

Mala Fama LLC
c/o Patricia Marquez
5660 W Colfax Avenue,
Lakewood, CO 80214
*Defendant*

By: */s/ Meredith Swari*
Meredith Swari, Paralegal